IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BOCKARIE ELLIS<br>6316 Reedland Street<br>Philadelphia, PA 19142 : | CIVIL ACTION |
| Plaintiff, : | No. _____ |
| v. : | |
| : | JURY TRIAL DEMANDED |
| IMPACT SYSTEMS, INC.<br>4 Beryl Road<br>Paoli, PA 19301 : | |
| Defendant. : | |

## CIVIL ACTION COMPLAINT

Plaintiff, Bockarie Ellis, (hereinafter referred to as "Plaintiff"), by and through his undersigned counsel, hereby avers as follows:

### I. Introduction

1. Plaintiff has initiated this action to redress violations by Impact Systems, Inc., (hereinafter referred to as "Defendant") of the Family and Medical Leave Act (FMLA) and of 42 U.S.C. § 1981.

### II. Jurisdiction and Venue

2. This action is initiated pursuant to the Family and Medical Leave Act (FMLA) and U.S.C. § 1981. This Court may properly maintain personal jurisdiction over Defendant because Defendant's contacts with this state and this judicial district are sufficient for the exercise of jurisdiction over Defendant to comply with traditional notions of fair play and substantial justice, satisfying the standard set forth by the United States Supreme Court in International Shoe Co. v. Washington, 326 U.S. 310 (1945) and its progeny.

...

3. The United States District Court for the Eastern District of Pennsylvania has original subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 because the claims arise under laws of the United States.

4. Venue is properly laid in this District pursuant to 28 U.S.C. sections 1391(b)(1) and (b)(2), because Defendant resides in and/or conducts business in this judicial district and because a substantial part of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district.

### III.   Parties

5. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

6. Plaintiff is an adult African male with an address as set forth above.

7. Defendant provides services for disabled individuals through outreach and mentoring programs.

8. At all times relevant herein, Defendant acted by and through its agents, servants, and employees, each of whom acted at all times relevant herein in the course and scope of their employment with and for the benefit of Defendant.

### IV.   Factual Background

9. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

10. Plaintiff worked for Defendant for approximately eight years.

11. Plaintiff was terminated by Defendant involuntarily.

12. During Plaintiff's employment with Defendant, he worked in multiple positions and capacities, and the last position he held at the time of termination was that of a Community Living Facilitator.

13. Plaintiff had also performed supervisory responsibilities during the course and scope of his employment with Defendant for several years.

14. Plaintiff was employed at Defendant's 1646 West Chester Pike, West Chester, Pennsylvania location.

15. Plaintiff was approved by Defendant to take a vacation from December 17, 2007 through January 10, 2008.

16. In the year preceding December 17, 2007, Plaintiff had worked for at least 1,250 hours for Defendant.

17. Plaintiff spent his approved vacation in Africa.

18. During the course of Plaintiff's vacation, Plaintiff's mother had health problems which required him to directly care for her because she had difficulty caring for herself.

19. Plaintiff spent more than a week caring for his mother before contacting Defendant's management on January 8, 2008 and January 9, 2008 to inform his management about his mother's condition and his need to stay in Africa for an additional 4 days beyond his anticipated vacation time to care for his mother.

20. Plaintiff's mother was being treated by a medical specialist during the month of January 2008 for her health problems, including back problems, hip problems, neurological complications, and problems with incontinence.

21. Plaintiff assured his management that he would be able to return to work by January 16, 2008.

22. On January 16, 2008, Plaintiff was mailed a letter from Renee Brown terminating his employment for being unable to return to work by January 10, 2008.

23. By mid-January 2008, Plaintiff had spent at least 2 weeks caring for his mother due to her health problems and complications.

24. The aforesaid January 16, 2008 termination letter identified that Plaintiff was terminated effective December 13, 2007, a date prior to Plaintiff's December/January vacation commencing.

25. Defendant employed at least 50 employees within 75 miles of the physical location wherein Plaintiff was employed during the last 2 years of Plaintiff's employment with Defendant.

26. Defendant's management did not verbally advise Plaintiff of his rights under the Family and Medical Leave Act at any time between January 8, 2008 and January 17, 2008.

27. Defendant's management did not send Plaintiff any written correspondence outlining his rights or obligations under the Family and Medical Leave Act at any time between January 8, 2008 and January 17, 2008.

**First Cause of Action**
**Family and Medical Leave Act**
**(Interference & Retaliation Violations)**

28. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

29. Plaintiff was clearly an eligible employee under the definitional terms of the Family and Medical Leave Act, 29 U.S.C. § 2611(2)(a)(i)(ii).

30. Plaintiff requested leave from the Defendant, his employer, with whom he had been employed for at least twelve (12) months pursuant to the requirements of 29 U.S.C.A. § 2611(2)(i).

31. Further, Plaintiff had at least 1,250 hours of service with Defendant during the prior twelve (12) months.

32. Defendant is engaged in an industry affecting commerce and employs fifty (50) or more employees for each working day during each of the twenty (20) or more calendar work weeks in the current or proceeding calendar year, pursuant to 29 U.S.C.A. § 2611(4)(A)(i).

33. Plaintiff was entitled to receive leave pursuant to 29 U.S.C.A. § 2612 (a)(1) for a total of twelve (12) work weeks of leave.

34. Plaintiff required time off for a serious health condition of his mother and was not permitted to return to work in the same or similar position upon returning from his medical leave of absence.

35. Defendant violated multiple sections of C.F.R. §825.208 because it failed to inform Plaintiff of its designation of his leave as FMLA qualifying in writing.

36. Defendant further violated the FMLA by failing to provide Plaintiff with an individualized notification of his FMLA rights, obligations, and the consequences for him failing to return from his FMLA leave within twelve (12) weeks.

37. Due to Defendant's failure to provide individualized notice and the fact that Plaintiff would have been capable of resuming his job duties if properly notified, Plaintiff was prejudiced such that a violation of the FMLA occurred. *Conoshenti v. PSE & G Co.*, 364 F.3d 135 (3d Cir. 2004).

38. Defendant further failed to engage in a good-faith interactive process with Plaintiff about his need(s) for leave, anticipated return date, and about his efforts to return – further constituting violations of the FMLA.

39. Defendant's actions as aforesaid constitute interference violations of the FMLA.

40. Defendant also unlawfully retaliated against Plaintiff for requesting a medical leave that qualified for FMLA protection and for requiring same.

**WHEREFORE**, Plaintiff prays that this Court enter an order providing that:

A. Defendant is to be permanently enjoined from discriminating against Plaintiff on any basis forbidden by the Family and Medical Leave Act and state law, and other applicable federal law;

B. Defendant is to be prohibited from continuing to maintain its illegal policy, practice, or custom of discriminating against employees based on their use of the FMLA, and is to be ordered to promulgate an effective policy against such discrimination and to adhere thereto;

C. Defendant is to compensate Plaintiff, reimburse Plaintiff, and make Plaintiff whole for any and all pay and benefits Plaintiff would have received had it not been for Defendant's illegal actions, including but not limited to back pay, front pay, salary, pay increases, bonuses, medical and other benefits, training, promotions, pension, and seniority. Plaintiff should be accorded those benefits illegally withheld from the date he first suffered discrimination at the hands of Defendant until the date of verdict;

D. Plaintiff is to be awarded liquidated damages as permitted by applicable law, in an amount believed by the Court or trier of fact to be appropriate to punish Defendant for its willful, deliberate, malicious and outrageous conduct, and to deter Defendant or other employers from engaging in such misconduct in the future;

E. Plaintiff is to be accorded any and all other equitable and legal relief as the Court deems just, proper, and appropriate;

F. Plaintiff is to be awarded the costs and expenses of this action and reasonable legal fees as provided by applicable federal and state law;

G. Any verdict in favor of Plaintiff is to be molded by the Court to maximize the financial recovery available to Plaintiff in light of the caps on certain damages set forth in applicable federal law;

H. Plaintiff's claims are to receive a trial by jury to the extent allowed by applicable law. Plaintiff has also endorsed this demand on the caption of this Complaint in accordance with Federal Rule of Civil Procedure 38(b).

Respectfully submitted,

**KARPF, KARPF & VIRANT, P.C.**

By: _____
Ari R. Karpf, Esquire
3070 Bristol Pike
Building 2, Suite 231
Bensalem, PA 19020
(215) 639-0801

Dated: July 15, 2008